IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY NORMAN DOBSON JR.,
    Plaintiff,

v.

CITY OF ANNAPOLIS, MARYLAND, *et al.*,

    Defendants.

Civil Action No.: SAG-25-2965

**MEMORANDUM OPINION**

Self-represented plaintiff Larry Norman Dobson Jr. filed the above-captioned Complaint together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. Plaintiff then filed a Motion for Temporary Restraining Order. ECF 7. His Complaint must be dismissed for the reasons stated below, and his motion for temporary restraining order will be denied.

Plaintiff, a Maryland resident, brings his Complaint against the City of Annapolis, Maryland, Marlon Alvarado, identified as "City Employee," Patricia Hopkins, identified as "City HR Director," Jamieca Mackall, identified as "Annapolis Police Employee, Monica Brokenborough and Morial Hays, identified as "AFSCME Representatives," John Spriggs, identified as "President of AFSCME Local," and Scott Parks, identified as "District Court Commissioner." ECF 1-1. The two-page complaint is not a model of clarity, but it appears to allege that Plaintiff was charged with embezzlement in Anne Arundel County, the charges were later dismissed, he was asked to waive his right to sue in exchange for expungement, but, despite his refusal to sign the waiver, his case was removed from Maryland Case Search. ECF 1-1 at 1-2. The

complaint makes no specific factual allegations pertaining to any actions taken by any of the named defendants. To the extent it states that "City of Annapolis and Annapolis Police employees disclosed Plaintiff's confidential information to third parties before service," it does not specify what "confidential information" was disclosed or by whom, to whom, or how it was disclosed.

Title 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants).  Plaintiff's complaint fails to state a claim on which relief may be granted because, in the absence of any factual allegations describing what any defendant did, it does not comport with the required pleading standards. Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ...."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

Because Plaintiff's complaint contains insufficient facts to allow this Court to assess whether he has a cognizable cause of action, Plaintiff has failed to state a claim on which relief can be granted. His federal complaint must be dismissed without prejudice and his motion for temporary restraining order must be denied.

A separate Order follows.

September 19, 2025                                   /s/
Date                                                    Stephanie A. Gallagher
                                                          United States District Judge